**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

MONISHA R. MAPP,

Debtor.

**FOR PUBLICATION**

Case No. 25-10676 (MG)

Chapter 7

### MEMORANDUM OPINION GRANTING MOTION FOR RELIEF FROM STAY FILED BY ALLY BANK

*A P P E A R A N C E S:*

FONTANA & NAPOLITANO, LLP
*Attorneys of Ally Bank*
1225 Franklin Avenue, Suite 325
Garden City, NY 11530
By:    George Fontana Jr., Esq.

MONISHA R. MAPP
*Pro se*

**MARTIN GLENN**
**Chief United States Bankruptcy Judge**

The Court has before it a garden-variety motion to lift the automatic stay to permit the secured lender to recover possession of a vehicle because of the debtor's serious default in payments to the lender.  The case would hardly merit writing an opinion but for the attempted over-stepping by the lender's counsel in the proposed order filed with the motion.  Specifically, although the motion papers clearly show that the lender is under-secured—the motion papers show that the debtor owes the lender $130,100.50 but the value of the vehicle is $73,750—the proposed order submitted by the lender's counsel, in addition to lifting the stay to recover the vehicle, seeks an award of attorney's fees in the amount of $350 and costs in the amount of $199.  The law does not permit an under-

1

secured lender to recover attorney's fees and costs as part of a secured claim. *See* Bankruptcy Code § 506(b). It may be that clients want their lawyers to request fees and costs, but a lawyer's professional responsibilities impose limits on what lawyers may ask a court to do. This is not the first time the Court has seen such requests, but there are potential consequences for doing so.

## I.    BACKGROUND

On April 7, 2025, Monisha Mapp (the "Debtor") filed a Voluntary Petition under Chapter 13. ("Voluntary Petition," ECF Doc. # 1.) On November 4, 2025, the case was voluntarily converted to a case under Chapter 7. (ECF Doc. # 67.)

Pending before the Court is the motion of secured creditor Ally Bank (the "Secured Creditor" or "Ally") for termination of the automatic stay ("Motion," ECF Doc. # 87) pursuant to 11 U.S.C. § 362(d)(1), with respect to Debtor's interest in a 2023 Cadilac Escalade Utility 4D Sport Platinum 4WD 6.2L V8 and VIN 1GYS4GKL7PR349914 (the "Vehicle"). Filed with the Motion was the affirmation of Ally's counsel, George Fontana Jr., in support of the Motion ("Fontana Affirmation," Motion at 3-5), and an Affidavit of Fact by Paul Tangen, Bankruptcy Analyst (the "Tangen Affidavit," ECF Doc. # 87-1). On February 26, 2026, the Debtor filed a *pro se* objection to the Motion. ("Objection," ECF Doc. # 88). The Chapter 7 Trustee filed a statement of no objection. (ECF Doc. # 89.) Even though the Debtor filed a timely Objection to the Motion, Ally's counsel falsely filed a Certificate of No Objection. (ECF Doc. # 90.)

On November 23, 2024, the Debtor entered into a retail contract with ALM Roswell (the "Contract"), a used-car retailer in Roswell, Georgia, for the Vehicle.

2

(Fontana Affirmation ¶ 3.)  Per the Contract, the Debtor agreed to a payment schedule of $2,062.85 per month for 84 months.  (Motion, Ex. A. at 1.)  On the same day that the Debtor entered into the Contract, ALM Roswell sold and assigned its interest in the contract to Ally.  (*Id*. at 5.)

The Motion asserts that the Debtor has defaulted on the Contract, with the last payment made on April 8, 2025.  (Fontana Affirmation ¶ 7.)  As of the filing of the Motion, the total arrearage is $25,933.90.  (*Id*. ¶ 8.)  Ally claims that since the Debtor has no equity in the vehicle, Ally's interest is not adequately protected, thus giving rise to cause for lifting the stay under 11 U.S.C. § 362 (d).  (*Id*. ¶¶ 12-14.)  The payoff value of the Vehicle is $130,100.50 (Tangen Affidavit ¶ 6), with the Vehicle currently valued at $73,750.00 per JD Power.  (*Id.*; Motion Ex. C.)

Ally also seeks an award of attorney's fees of $350 and costs of $199.  (Fontana Affirmation ¶ 10.)  During the hearing, Fontana said "some" of his clients insist on including in a lift stay motion a request for attorney's fees and costs even if such fees and costs are not recoverable under section 506(b) of the Code.

Section 506(b) of the Code provides as follows:

> To the extent that an allowed secured claim is secured by property the value of which . . . is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement . . . under which such claim arose.

11 U.S.C. § 506(b).

It is black-letter law that "postpetition interest, fees, costs and charges will not be allowed as part of a secured claim unless the claim is 'over secured,' meaning that the relevant value of the collateral exceeds the amount of the claim after taking into account

3

any amount chargeable to the collateral under section 506(c)." 4 COLLIER ON BANKRUPTCY ¶ 506.04 (16 ed. 2024). Fontana included the language regarding attorney's fees and costs in the proposed order he submitted with the Motion without addressing the issue in his Memorandum of Law.

The Debtor filed the Opposition on February 26, 2026. The Debtor's sole contention with the Motion is regarding service, claiming that she did not receive proper service as required under Federal Rule of Bankruptcy Procedure 7004. (Opposition at 2.) The Opposition also states that even if service had been proper, the Motion failed to demonstrate cause under section 362 but fails to explain how cause is lacking. (*Id*.) No further explanation was provided.

## II.   LEGAL STANDARD

The Bankruptcy Code imposes an automatic stay of nearly all litigation against the debtor. 11 U.S.C. § 362(a). Section 362(d) of the Bankruptcy Code, however, enumerates several bases for "terminating, annulling, modifying, or conditioning such stay." 11 U.S.C. § 362(d). Section 362(d), in relevant part, provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(*Id.*) Any party moving to lift the automatic stay must first establish a *prima facie* case that there is cause to lift the stay. If a movant fails to demonstrate its *prima facie* case, the court must deny the request to lift the stay. 3 COLLIER ON BANKRUPTCY ¶ 362.10 (16th ed. 2016). Once the creditor makes a *prima facie* case, the burden shifts to the

4

debtor on all other issues. *In re Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994); 3 COLLIER ON BANKRUPTCY ¶ 362.10.

A.    Section 362(d)(1)

A creditor seeking to lift the automatic stay under section 362(d)(1) based on a lack of adequate protection must prove that there is a decline or a threat of decline in the value of the collateral due to the stay. *In re Rosado*, 2025 WL 1520515, at *4 (May 28, 2025); *In re Elmira Litho, Inc.*, 174 B.R. at 902. The most common methods for a creditor to satisfy its burden of proof is through an "appraisal or similar evidence showing that the value of the collateral was higher at the beginning of the case," or "demonstrating that the debtor has completely failed, or substantially failed, to make post-petition payments." *In re Rosado*, 2025 WL 1520515 at *4; *see also In re Watkins*, 2018 WL 357536 at *2 (Bankr. S.D.N.Y Jan. 9, 2018) (finding cause to lift the stay upon inferring that the value of the vehicle had declined since the petition and payments have not been made); *In re Schuessler*, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008) (finding that a debtor's failure to make post-petition mortgage payments constituted cause to lift the stay).

B.    Costs and Attorney's Fees Cannot Be Recovered on an Under Secured Claim

Section 506(b) of the Code provides as follows:

> To the extent that an allowed secured claim is secured by property the value of which . . . is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement . . . under which such claim arose.

11 U.S.C. § 506(b).

It is black-letter law that "postpetition interest, fees, costs and charges will not be allowed as part of a secured claim unless the claim is 'over secured,' meaning that the

5

relevant value of the collateral exceeds the amount of the claim after taking into account

any amount chargeable to the collateral under section 506(c)."  4 COLLIER ON

BANKRUPTCY ¶ 506.04 (16 ed. 2024).  Fontana included the language requesting

attorney's fees and costs in the proposed order he submitted with the Motion without

providing any legal support for the requested relief in his Memorandum of Law.  There

was no basis for including the requested relief and in doing so Fontana arguably violated

the applicable rules.  FED. R. BANKR. P. 9011(b)(2) sets the applicable standards for

making an argument or a request for relief: "the claims and defenses, and other legal

contentions are warranted by existing law or by nonfrivolous argument to extend, modify,

or reverse existing law, or to establish new law . . . ."  Were the provisions in the

submitted form of order included in the hope that the order would be entered without the

Court noticing them?  Needless to say, the language will be excised from the order

entered by the Court lifting the stay.

### III.   DISCUSSION

There is sufficient cause to lift the stay.

A.  Ally Has Standing

Ally has provided the Court documentation that they have been assigned the

contract from ALM Roswell.  (Motion, Ex. A at 5).

B.  There is Cause to Lift the Stay under Section 362(d)(1)

Debtor has failed to make any payment towards the Contract since April 2025,

owing $25,933.90 as of the filing of the Motion, and the Opposition has made no claim to

the contrary.  The balance owed to Ally—over $130,000—substantially exceeds the

6

value of the vehicle—under $74,000.  This satisfies Ally's burden of demonstrating that it is not adequately protected.

    C.  <u>The Debtor Fails to Meet Her Burden to Oppose Ally's Motion</u>

The Debtor does not dispute that she has not been making payments as set out by the Contract and she has not indicated that she will be making any payments going forward.  The Debtor is only disputing the Motion on improper service grounds, claiming that receipt via "regular mail" is insufficient and that the Court lacks "personal jurisdiction" over the Debtor with respect to the Motion.  (Opposition at 2.)  The Objection is without merit.  The Motion is accompanied by a certificate of service showing that the Debtor was served with the Motion at her home address by First Class U.S. Mail.  Nothing more is required.  *See* FED. R. BANKR. P. 9014(b) (stating that the "motion shall be served in the manner provided for service of a summons and complaint by Rule 7004 . . ."); FED. R. BANKR. P. 7004(b)(1) (stating that service by first class mail may be made "[u]pon an individual . . . by mailing a copy . . . to the individual's dwelling house or usual place of abode . . .").

The Debtor also asserts that cause does not exist to grant relief from the stay.  The Debtor states that she "intends to challenge the merits of the foreclosure," but does not do so in the opposition.  (Opposition at 2-3.)  She did not appear during the hearing.  Ally is clearly entitled to an order lifting the stay.

## IV.    **CONCLUSION**

For the reasons discussed above, the Motion to lift the stay is granted.  Including in the requested relief attorney's fees and costs for making the motion where the lender is

clearly under-secured may well lead to very unpleasant consequences for the lawyer in the future!

A separate order lifting the stay will be entered.

Dated:    March 19, 2026
New York, New York

_Martin Glenn_
_____
MARTIN GLENN
Chief United States Bankruptcy Judge

8